FILED
DEC 14 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. **4:22CR707-MTS/SPM** |
| | ) |
| LARRY S. CONRAD, | ) |
| | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury Charges:

At all times relevant to the Indictment:

### General Allegations.

1. The State of Missouri requires that each application for an original Missouri Certificate of Title for a vehicle which is classified as a prior salvage vehicle or which is classified as an abandoned vehicle must be accompanied by a Vehicle Examination Certificate (hereinafter referred to as "Form 551"). The examination may be performed by a designated employee of the Missouri State Highway Patrol who can sign and certify the Form 551 following a successful vehicle examination. There is no fee for the actual Missouri State Highway Patrol vehicle inspection. Once a Form 551 has been signed and certified by the Missouri State Highway Patrol Inspector, the owner of the vehicle may apply for an original Missouri Certificate of Title with the Missouri Department of Revenue.

2. Section 576.020 of the Missouri Revised Statutes made it a felony crime for any public servant, including an employee of the Missouri State Highway Patrol, to knowingly accept

1

or agree to accept any benefit, direct or indirect, in return for his official vote, opinion, recommendation, judgment, decision, action or exercise of discretion as a public servant.

Section 576.040 of the Missouri Revised Statutes made it a misdemeanor crime for any public servant, including an employee of the Missouri State Highway Patrol, in such person's public capacity or under color of such person's office or employment, to knowingly receive any fee or reward for the execution of any official act or the performance of a duty imposed by law or by the terms of his employment, that is not due.

3. Defendant **LARRY S. CONRAD** (hereinafter referred to as **"CONRAD"**), was employed as a Motor Vehicle Inspector Supervisor by the Missouri State Highway Patrol, and was paid a salary by the Missouri State Highway Patrol. His primary duty was to perform motor vehicle inspections at the Missouri State Highway Patrol's Drivers Examination/Motor Vehicle Inspection Facility located in south St. Louis County, Missouri. His duties included signing and certifying Forms 551 for motor vehicle owners following successful vehicle inspections in order for the motor vehicle owners to apply for original Missouri Certificates of Title.

**Acceptance of Cash Payments In Connection With Motor Vehicle Inspections.**

4. On one and more occasions, **CONRAD** accepted cash payments from vehicle owners in connection with the vehicle owners' motor vehicle inspections. Those cash payments ranged from $40.00 per motor vehicle inspection to $160.00 per motor vehicle inspection. It was **CONRAD's** ordinary practice to receive the cash payments from the motor vehicle owners placed in the driver's door interior side pocket. **CONRAD** then took the cash payments at the time he conducted the motor vehicle inspections. **CONRAD** signed and certified the Forms 551 relative to those motor vehicle inspections after accepting the cash payments. **CONRAD** conducted those

motor vehicle inspections and accepted those cash payments without requiring the motor vehicle owners to have a scheduled inspection appointment as ordinarily required by the Missouri State Highway Patrol. Further, one and more of those vehicles had observable damage, but **CONRAD** falsely indicated on the Forms 551 that there was "no apparent damage."

5. On one and more occasions, **CONRAD** accepted cash payments in an amount up to and including $300.00 from at least one vehicle owner relative to motor vehicle inspections where the motor vehicles were not physically brought to the Missouri State Highway Patrol inspection site, and were not actually inspected by **CONRAD**. Despite not having conducted actual inspections of those motor vehicles, **CONRAD** signed and certified false Forms 551 relative to those motor vehicles after accepting the cash payments. At least one of those motor vehicles which was not actually inspected by **CONRAD** had significant damage and was not drivable.

6. **CONRAD** communicated with motor vehicle owners who made cash payments to him by text messages and conversations via his cellular telephone, number (314) XXX-3128.

## COUNT 1

7. Paragraphs 1 through 6 of this Indictment are realleged and fully incorporated by reference as if fully set forth herein.

8. Beginning in or about December, 2021, and continuing to on or about September 29, 2022, in the Eastern District of Missouri,

**LARRY S. CONRAD,**

defendant herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (314) XXX-3128, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of one and more unlawful

activities, namely, violations of Missouri Revised Statutes §576.020 (acceding to corruption), and § 576.040 (official misconduct), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activities.

In violation of Title 18, United States Code, Section 1952(a)(3).

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1952(a)(3) as set forth in Count 1, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $7,175.00.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

4

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING,
United States Attorney

_____
HAL GOLDSMITH,
Assistant United States Attorney